COMMONWEALTH *vs.* SIDNEY COHAN.

Norfolk.    October 7, 1940. — October 31, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Practice, Criminal,* Discretionary control of evidence. *Witness,* Contradiction. *Evidence,* Materiality.

It was within the discretion of the judge at a criminal trial, after both parties had rested, to allow the Commonwealth to recall one of its witnesses and to call a new witness and to seek by their testimony to contradict evidence previously elicited by the defendant on cross-examination of the first witness.

After a pawnbroker at a trial for robbery had identified the defendant as having pawned a watch stolen in the robbery and the defendant on cross-examination had introduced the pawnbroker's record book showing that the watch had been pawned at a time when the defendant was in the custody of the police, evidence was material and properly was admitted to show that an entry of the time of another transaction in the pawnshop on the same day was inaccurate.

INDICTMENT, found and returned on April 5, 1940.

The case was tried in the Superior Court before *Dowd,* J.

*M. E. Viola,* for the defendant, submitted a brief.

*G. L. Rabb,* Assistant District Attorney, for the Commonwealth.

DOLAN, J. The defendant was indicted, together with one Costa and others, for the crime of armed robbery. Costa and the defendant were arraigned and tried together, and the jury returned as to each of them a verdict of guilty. The case comes before us on the exceptions of Cohan alone to the admission of certain evidence at the trial.

There was evidence that on March 14, 1940, at about 11:15 P.M. one Wedderburn, while walking home, was held up and robbed by five men. "One of the men held and pointed a nickel plated revolver at him; another stole his watch, chain and a small knife from his pockets; and a third man stole money from his pocket. The men left the scene of the holdup in a 'dirty gray' sedan." On the following day (March 15) at about 2:15 P.M. the "Boston Police" took into custody the defendant, Costa and two other men who were in a gray automobile on Blue Hill Avenue, in Dorchester. The vehicle was registered in the name of Costa's wife. Costa was at the wheel and Cohan was seated in the rear seat. The police found a nickel plated revolver fully loaded under the front seat. The four men were booked at 2:25 P.M. of the same day. On the following morning (March 16) Wedderburn identified Cohan as the man who held the revolver, and Costa as the man who stole his watch, chain and knife. Wedderburn also "picked out" the Costa "car" from other gray automobiles as "a car which 'looked like' the car in which the men left the scene of the robbery."

Two days later the police located Wedderburn's watch in a Boston pawnshop conducted by one Goodman. He identified Costa from a number of photographs shown him by the police as the man who pawned the watch, and also identified him at the trial.

Costa and Cohan each set up an alibi as defence. On cross-examination of Goodman the defendant introduced in evidence a book kept by Goodman in which were recorded the name, address, article, and time of day with respect to each transaction involving a loan or renewal of a loan. This book indicated that the watch "was pawned on March 15, 1940 at 2:40 o'clock in the afternoon." After both sides had rested the Commonwealth recalled Goodman, who had previously testified as a witness for the Commonwealth. Goodman testified when thus recalled that every entry in the book recorded the exact time of the making of loans or the renewal thereof. An entry in the book under the name of one Morse was then pointed out to him, which indicated that Morse had renewed a loan on March 15, 1940, "at 6:06 o'clock in the evening." Goodman was then asked by the district attorney, "Can you tell us at what time this renewal of loan in the name of Mr. Morse was made?" The defendant objected to this question on the ground that the district attorney was trying to impeach his own witness. The district attorney stated that if Goodman testified that the renewal of the loan was made to Morse at the time that appeared in the book, he would offer evidence to contradict him. The question was allowed, the judge ruling that the district attorney could contradict his own witness by evidence other than of bad character, and the defendant excepted. Goodman in response testified that the loan to Morse was renewed at "6:06 in the evening." The defendant excepted to this answer. Morse was then called by the Commonwealth and testified that he renewed the loan, previously made to him, on March 15, 1940. He was then asked by the district attorney at what time the loan was renewed on that date. The question was allowed subject to the defendant's exception, and Morse replied that the loan was renewed on March 15, 1940, be-

tween 8:30 and 9 A.M. He was then asked whether he was in the pawnshop at any other time during that day or evening. The question was allowed over the defendant's objection and subject to his exception. Morse replied, "No, that is the only time I was there that day." The defendant then moved to strike out all of the testimony of Morse. The motion was denied subject to the defendant's exception.

The defendant contends that the judge abused whatever discretion he had in admitting the evidence of Goodman and Morse after both parties had rested. The bill of exceptions does not disclose that any objection was made by the defendant on this ground at the time this evidence was presented. In any event, as properly conceded by the defendant, it is settled that a trial judge may in his discretion admit evidence offered by a party which does not rebut evidence of facts appearing for the first time in the testimony of witnesses called by his opponent, but is material evidence in the case of the party offering the evidence even after both parties have rested. *Commonwealth* v. *Wood*, 302 Mass. 265, 268, and cases cited. There is nothing in the record as to this subject to indicate that the judge did not exercise his discretion properly.

The defendant also contends that the judge erred in admitting any part of the testimony of Morse and in refusing to strike his testimony out upon the defendant's motion (asserting that it related to "*res inter alios acta*"), and in his ruling that the Commonwealth could contradict its own witness (Goodman) by evidence other than that of bad character.

G. L. (Ter. Ed.) c. 233, § 23, provides that a party may not impeach his own witness by evidence of bad character, but may contradict him by other evidence. It is clear that the evidence to which the defendant excepted was not offered to show bad character on the part of Goodman, and that its sole purpose was to contradict the entry in his book as to the time of the pawning of the watch. The defendant introduced this book in evidence and it was open to the Commonwealth to show the unworthiness of the

book by demonstrating specific error in the entries. Wigmore, Evidence (3d ed.) § 1557. *Donovan* v. *Boston & Maine Railroad*, 158 Mass. 450, 457.

The testimony of Morse cannot be said to relate to a matter wholly collateral and immaterial. The watch was pawned and the loan to Morse renewed on the same day. The testimony of Morse had some tendency to show Goodman's course of business. From the testimony of Morse, considered together with the other evidence in the case, the jury could reasonably infer that the entry in Goodman's book of the time when the watch was pawned was inaccurate. That the Morse transaction constituted but a single instance in which inaccuracy can be said to have been shown by direct evidence affects its weight rather than its admissibility. In the determination of whether such evidence is too remote, confusing or prejudicial, much must be left to the discretion of the trial judge. See *Rowley* v. *Bigelow*, 12 Pick. 307, 311; *Wiggin* v. *Day*, 9 Gray, 97, 98; *Whitney* v. *Boston*, 98 Mass. 312, 316; *Bemis* v. *Temple*, 162 Mass. 342, 345; *Dolan* v. *Boott Cotton Mills*, 185 Mass. 576, 579; *Landfield* v. *Albiani Lunch Co.* 268 Mass. 528, 530; *Sherburne* v. *Meade*, 303 Mass. 356, 360; *Robitaille* v. *Netoco Community Theatre of North Attleboro, Inc.* 305 Mass. 265, 268. See also *Commonwealth* v. *Jeffries*, 7 Allen, 548, 566; *Holmes* v. *Goldsmith*, 147 U. S. 150, 164; Wigmore, Evidence (3d ed.) §§ 38, 39, 92, 93.

We are of opinion that the evidence in question had some probative value and that it cannot be said that there was an abuse of discretion or error on the part of the judge in admitting it.

*Exceptions overruled.*