## PERKINS *v.* STATE

No. 40240          November 19, 1956          90 So. 2d 650

300

*J. Kenneth Riley,* Monticello, for appellant.

*J. R. Griffin, Asst. Atty. Gen.*, Jackson, for appellee.

HOLMES, J.

The appellant was indicted in the Circuit Court of Lawrence County for the murder of A. V. Buckley. He was tried and convicted of manslaughter and sentenced to serve a term of twelve years in the State penitentiary. He appeals from the judgment of conviction.

The homicide occurred at the home of the appellant on or about September 19, 1954, at or about 2:30 or 3 o'clock in the morning. It grew out of a gambling game known as "skin," which was being played by lamplight on the porch of appellant's home, and was participated in by the appellant and the deceased and others until the wee small hours of the morning. The enthusiasm of the players was no doubt enhanced by alcoholic

spirits and, as so often happens in such situations, an argument arose over a bet involving a trivial sum of money (in this case 50¢), and resulted in a fatal encounter in which the appellant killed the deceased, A. V. Buckley, by shooting him in the stomach with a shotgun.

The evidence as to the details of the difficulty is in conflict. The State's proof showed that the appellant and the deceased and others had been gambling throughout the night on the front porch of appellant's home; that as the evening faded into the early morning hours, the appellant and Hollis Wilson became involved in an argument over a bet of 50¢, Wilson claiming that the appellant owed him 50¢ and the appellant denying it; that the appellant called upon the deceased, A. V. Buckley, to intercede with Wilson to settle the argument, and the deceased declined to do so; that the appellant then went into the house and got a shotgun and returned to the doorway with it and shot the deceased who was then standing at or near the edge of the porch; that the deceased was shot in the stomach and died about an hour thereafter; that the deceased was unarmed and was not threatening or making any hostile demonstration toward the appellant at the time the appellant shot him.

The appellant sought to establish by his proof that he shot the deceased in self-defense. The evidence in his behalf showed that after the argument arose and after he had called upon the deceased to intercede with Wilson, the deceased angrily refused to take any part in the argument and went to his car in front of the house and procured a pistol and returned and fired upon the appellant; that the appellant then returned the fire in self-defense.

■■ ■ The appellant contends that the judgment of conviction is against the overwhelming weight of the evidence. It is clear to us that this contention is not well founded. The evidence as to the appellant's guilt is wholly conflicting, and created an issue of fact for the

determination of the jury. The verdict of the jury is amply supported by the State's proof, and indeed, in our opinion, the proof for the State was amply sufficient to support a verdict of guilty of murder.

■■■ The appellant further assigns as error the action of the trial court in granting to the State a manslaughter instruction. The basis of this assignment is that the evidence shows that the appellant was either guilty of murder or was innocent. This contention has been decided adversely to the appellant by the prior decisions of this Court wherein it has been well settled that in a case where the evidence is sufficient to convict for murder, the defendant can,not complain of the granting of a manslaughter instruction when he has been convicted of manslaughter. Thigpen v. State, 219 Miss. 517, 69 So. 2d 241; Lowry v. State, 202 Miss. 411, 32 So. 2d 197.

■■■ Further, however, the appellant requested and was granted a manslaughter instruction and he is in no position to complain of the granting of a like instruction for the State.

■■■ It is also complained by the appellant that the Court erred in permitting the State to reopen its case after both the State and the defense had rested. The State asked and was granted leave to reopen its case for the purpose of recalling the appellant for cross-examination as to prior convictions of crimes, and for the purpose of impeachment testimony in the event the appellant should deny such prior convictions. The appellant admitted such prior convictions and this, of course, dispensed with the necessity of introducing impeaching testimony. The action of the court in permitting the State to reopen its case manifestly resulted in no prejudice to the appellant. ■■■ The matter of reopening the case was a matter addressed to the sound discretion of the court and it is clear from the record that such discretion was not abused. Baird v. State, 148 Miss. 547, 112 So. 705; Morris v. State, 148 Miss. 680, 114 So. 750.

Lastly, it is assigned as error by the appellant that the court erred in overruling the motion of appellant's counsel, R. G. Livingson, for a continuance upon the ground that he had just been employed and had not had sufficient time to prepare for the trial. The record discloses that the indictment had been returned more than a year before the trial. Prior to the employment of Mr. Livingston, the court had appointed attorneys to represent the appellant. Ample time and opportunity had been afforded to the appellant to employ counsel to represent him. The court had twice before continued or passed the case on the motion of the appellant, based upon the absence of witnesses. We think the court had been extremely liberal in delaying the case in order that the appellant might be enabled to properly present his defense, and that he committed no reversible error in overruling the motion of defendant's counsel for a further continuance of the case. This Court has repeatedly held in decisions too numerous to mention that the matter of granting a continuance is a matter which addresses itself to the sound discretion of the court, and that the action of the court thereon will not be disturbed in the absence of an abuse of such discretion. We think there was no abuse of the court's discretion in overruling the motion.

A careful review of the entire record discloses no reversible error. In fact, the record reveals that the appellant obtained a fair and impartial trial and was accorded every legal right to which he was entitled. It is apparent from the evidence that the shooting was entirely unnecessary and culminated from a most trivial source, that is, from an argument over 50¢. We are constrained to say that however cheap human life may at times appear to be, 50¢ is too small a value to place upon it. The judgment of the court below is affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Lee* and *Kyle,* JJ., concur.