STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
ELIAS T. MENKE, DEFENDANT-APPELLANT.

Argued September 16, 1957—Decided October 7, 1957.

*Mr. Cuddie E. Davidson, Jr.,* argued the cause for the plaintiff-respondent (*Mr. H. Russell Morss, Jr.,* County Prosecutor, attorney; *Mr. Calvin J. Hurd,* on the brief).

*Mr. John A. Lombardi* argued the cause for defendant-appellant.

The opinion of the court was delivered by

FRANCIS, J. Defendant Elias T. Menke was convicted in the municipal court of leaving the scene of an automobile accident in violation of *N. J. S. A.* 39:4-129. His appeal was dismissed by the County Court, and on further review the Appellate Division not only affirmed the action of the County Court but also sustained the position of the State on the basic issue involved.

The record reveals that at the trial in the local tribunal the State rested after introducing certain evidence. The nature of this evidence has not been revealed to us. Defendant then applied for dismissal alleging, in effect, total absence of proof of guilt of the charge. The court refused to dismiss, holding that a *prima facie* case had been made out which was adequate to put him to his defense. At this, the defendant announced through his attorney that he would not take the stand. Instead, he rested and moved for a judgment of acquittal on the ground already urged. Before ruling, the court reopened the case, apparently at his own instance, and over the defendant's objection permitted a police officer, who had investigated the matter, to testify. Up to that point the officer had not been called as a witness. What he said does not appear in the appendix. Defendant elected to stand on the motion for acquittal and declined to

cross-examine. The motion was denied and a judgment of guilt pronounced.

 Two weeks later, defendant unsuccessfully moved "to vacate the judgment of conviction," alleging that the reopening of the case constituted a denial of procedural due process. Subsequently, he appealed to the County Court. There his endeavor was to limit consideration of the matter to the single issue of the propriety of the ruling of the magistrate with respect to the reopening. However, the County Court, pointing to *R. R.* 3:10–1 *et seq.,* advised him that the notice of appeal constituted an application for a plenary trial *de novo* and that such remedy would be given. Upon refusal to accept a full trial, the appeal was dismissed. This action was proper. *State v. Simpkins,* 8 *N. J. Super.* 194 (*App. Div.* 1950).

In order to simplify review of convictions in municipal courts, this court adopted a comprehensive scheme for the regulation thereof by means of *R. R.* 3:10–1 through 3:10–14, and *R. R.* 8:11–1. It is stated specifically that those rules provide the "only method" of reviewing such a judgment of conviction, that is, by appeal to the County Court except where the local judge is also judge of the County Court, in which event the Law Division of the Superior Court is substituted. *R. R.* 3:10–1.

 The appeal operates as a waiver of all defects in the record or process or complaint, and as a consent that the court may amend the complaint in form or substance before or during the hearing of the matter so as to make the charge more specific or in any other manner, including the substitution "of any charge growing out of the act or acts complained of or the surrounding circumstances," of which the tribunal below had jurisdiction. *R. R.* 3:10–10(*b*).

The most recent revision of *R. R.* 3:10–10(*a*) directs that if the trial proceedings were taken stenographically or by sound recording, the appeal shall be heard *de novo* on the record so made unless by reason of some action taken under subsection (*b*), referred to, the rights of either party may be prejudiced. In all other cases the procedure required is

a plenary trial *de novo*. As Justice (then Judge) Jacobs said in *State v. Simpkins, supra,* at *page* 197, these rules were designed to afford wide protection to the defendant by enabling a full and fair hearing in the County Court on the merits.

In deference to the old *certiorari* practice which provided a limited direct review in the former Supreme Court in certain types of cases, and to *Article* VI, *Section* V, *paragraph* 4, of the *Constitution of* 1947, this court recognized the existence of a direct appeal to the Appellate Division upon leave granted to do so under *R. R.* 2:12–1 and 2. However, its availability is strictly confined to extraordinary cases, such as where the jurisdiction of the municipal court is questioned on persuasive grounds, or where the complaint is palpably defective. *State v. Yaccarino,* 3 *N. J.* 291, 296 (1949). Use of that practice is discouraged because of the broad area of recourse to the County Court, and in view of the stricture of *R. R.* 4:88–14, leave to bypass that court will be granted only where the interests of justice manifestly require it. *State v. Yaccarino, supra,* at *page* 297.

In this case, therefore, the County Court, mindful of the scope of the rules under discussion and aware that an error of the nature asserted could be avoided or corrected on a trial *de novo,* tendered such a review. When the offer was rejected by defendant, obviously in an effort to avoid a new determination on the merits, the only course properly open was dismissal of his appeal.

Although there is little to recommend proceeding beyond this point, particularly because of the frivolous character of the alleged constitutional issue by means of which the matter is brought to us, we have decided to pass to the basic merits of the cause. That issue is: does a trial court have the authority in a criminal trial to allow the reopening of the case for the introduction of additional evidence after the State and the defense have rested?

The conduct of a trial, civil or criminal, is in the hands of the judge. Decision as to whether to permit the State to reopen after resting or after the defense has rested,

irrespective of whether or not a motion for judgment of acquittal has been made, must be allowed to rest in his discretion. And the exercise of that discretion will not be interfered with in the absence of mistaken use thereof. *State v. Hubschman*, 133 *N. J. L.* 520 (*Sup. Ct.* 1946) ; *State v. Bright*, 123 *N. J. L.* 435 (*Sup. Ct.* 1939) ; *Maupin v. United States*, 225 *F. 2d* 680 (10 *Cir.* 1955) ; *Henry v. United States*, 204 *F. 2d* 817 (6 *Cir.* 1953) ; *United States v. Maggio*, 126 *F. 2d* 155 (3 *Cir.* 1942), *certiorari* denied 316 *U. S.* 686, 62 *S. Ct.* 1275, 86 *L. Ed.* 1758 (1942) ; *Burke v. United States*, 58 *F. 2d* 739 (9 *Cir.* 1932) ; *State v. Levy*, 103 *Conn.* 138, 130 *A.* 96 (*Sup. Ct. Err.* 1925) ; *Commonwealth v. Noxon*, 319 *Mass.* 495, 66 *N. E. 2d* 814 (*Sup. Jud. Ct.* 1946) ; *People v. Eger*, 299 *Mich.* 49, 299 *N. W.* 803 (*Sup. Ct.* 1941) ; *People v. Chimovitz*, 237 *Mich.* 247, 211 *N. W.* 650 (*Sup. Ct.* 1927) ; *State v. Hobbs*, 216 *N. C.* 14, 3 *S. E. 2d* 431 (*Sup. Ct.* 1939) ; 23 *C. J. S. Criminal Law* § 1056. In this connection, the fact that the additional evidence is harmful or prejudicial to the defendant, of itself, would not justify such a conclusion. Otherwise, the rule sanctioning reopening would be of little value as an instrument of trial procedure, for then only cumulative or inconsequential proof could be submitted.

Some factors for consideration in the appraisal of the discretion would be whether the defendant had excused his witnesses who would have been used to rebut the new evidence offered, and had called to the attention of the court the disadvantageous position in which the State had placed him; whether the prosecutor had deliberately withheld the so-called additional evidence until that late stage of the trial; the extent, if any, to which the defendant suffered greater damage than would have been imposed if the evidence had been offered at the proper time. *State v. McGuire*, 327 *Mo.* 1176, 39 *S. W. 2d* 523 (*Sup. Ct.* 1931) ; *State v. Hernandez*, 36 *N. M.* 35, 7 *P. 2d* 930 (*Sup. Ct.* 1931).

The record here is barren of facts indicating an erroneous exercise of discretion. As has already been indi-

cated, no trial evidence was submitted to us. It does appear that at the close of the State's case, the court declared that a factual issue as to guilt had been established. We must accept that decision in the absence of an appendix containing the testimony. Moreover, there is nothing to demonstrate the substance or probative force of the proof introduced upon the reopening. And no circumstances can be discovered of the character suggested above, which might be said to portray unjust or arbitrary action.

Finally, it should be added that even if an error in discretion were demonstrable, a judgment of acquittal would not be ordered. The manifest course of justice would be to direct a new trial. *State v. Lamoreaux,* 20 *N. J. Super.* 65 (*App. Div.* 1952). Such a result was offered to Menke in the County Court without regard to the validity of the alleged error; but it was rejected. And at the oral argument here, he announced that a new trial would not be acceptable even if his appeal presented a basis for reversal of his conviction.

The judgment is affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and FRANCIS—7.

*For reversal*—None.