JOHN THOMAS KEEL *v.* STATE OF INDIANA.

[No. 3-1073A142. Filed July 23, 1974. Rehearing denied September 10, 1974. Transfer denied May 22, 1975.]

*Thomas L. Ryan,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

STATON, J.—A jury found John Thomas Keel guilty of assault and battery with intent to commit rape. Six days before Keel's jury trial, his attorney requested a continuance which was denied. Keel's appeal to this Court raises two issues:

*Issue One*:  Was there sufficient evidence of Keel's intent to rape?

*Issue Two:*  Did the denial of a continuance prevent Keel from receiving a fair trial?

Our review of these issues concludes that there was sufficient evidence of Keel's intent to rape and that he did receive a fair trial. We affirm.

## I.

### Continuance

Keel appeared in court for arraignment on September 18, 1972. He was represented at the arraignment by his attorney, Harold Myers, who waived formal arraignment and entered a plea of not guilty for Keel. Keel and his attorney

were advised that Keel's jury trial was set for March 27, 1973. About six months later on March 19, 1973, Harold Myers withdrew his appearance from Keel's case and advised the trial court that Keel ". . . has obtained other counsel." The second attorney, James Dunn, requested a continuance six days before trial.

Continuances are discretionary. IC 1971, 35-1-26-1; Ind. Ann. Stat. § 9-1401 (Burns 1956). They ". . . are not to be favored and will be granted only in the furtherance of justice on the showing of proper grounds." *Carlin* v. *State* (1970), 254 Ind. 332, 336, 259 N.E.2d 870, 872. No prejudice to Keel's defense has been shown to this Court. Keel's defense, his own testimony as to what happened, does not require more than six months preparation. *State* v. *Irvin* (1973), 259 Ind. 610, 291 N.E.2d 70. No inferences have been gleaned from the record which would indicate that Keel was not provided with effective counsel. *Hartman* v. *State* (1973), 155 Ind. App. 199, 292 N.E.2d 293; *Argersinger* v. *Hamlin* (1972), 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530.

Keel has failed to show any prejudice to his defense which may have been caused by the denial of his counsel's request for a continuance. Our examination of the record discloses none. The trial court did not abuse its discretion when it denied Keel's request for a continuance. We find no error.

## II.

### *Intent*

Keel contends that the evidence of his intent to rape is insufficient to support the jury's verdict. Evidence of intent is an essential element of Keel's guilty verdict. *Washington* v. *State* (1971), 257 Ind. 40, 271 N.E.2d 888; *Byassee* v. *State* (1968), 251 Ind. 114, 239 N.E. 2d 586. Our review will not weigh the evidence or judge the credibility of witnesses. It will encompass only the evidence

and the reasonable inferences therefrom which support the jury's verdict.

Chief Justice Arterburn of our Supreme Court in *Washington* v. *State, supra*, set forth this standard when reviewing the evidence of intent to rape:

> ". . . To prove the offense of Assault and Battery with the Intent to Rape, the intended act [rape] need not to be shown to have been consummated, it needs only to be shown that there was conduct by the accused from which the court or jury could logically and reasonably infer the element of intent. This court in *Hanes* v. *State* (1900), 155 Ind. 112, 116, 57 N.E. 704, 705, made the following statement on this point.
>
> > 'Intent is a mental function, and, where not consummated, it is impossible to know with absolute certainty what was operating in the actor's mind; and in such cases it must be arrived at by courts and juries from a consideration of the conduct and the natural and usual sequence to which such conduct logically and reasonably points.' " *Washington* v. *State, supra*, 257 Ind. at 44, 271 N.E.2d at 889.

David Jurju and Darlene Anweiler were returning to David's apartment from a dance at approximately 2:00 o'clock A.M. on April 1, 1972. Shortly after their arrival at the apartment, Keel and two companions wearing large motorcycle chains around their waists knocked at the apartment door and entered abruptly. They demanded drugs and money from David. When he told them that he had none, Keel slammed the motorcycle chain across the top of the apartment stove—shattering it. Turning away from the apartment stove, Keel said, ". . . Well, your girlfriend is going to have to 'ball' me. . . ." David replied, ". . . You're going to have to kill me before you do that. . . ." Darlene began to scream and cry. After this exchange, the evidence is that Keel struck Darlene with the chain and told her to undress, get on the bed, and lay on her stomach. Keel ordered her under the threat of being smashed again with the chain to take down her pants which she did. Keel kneeled on the bed between Darlene's legs and laid on top of her. Rubbing his penis on her buttocks, Keel had an orgasm without carnal knowledge.

The jury could have inferred Keel's intent to rape from:

a)  his declaration of intent to have sexual intercourse with Darlene forcibly
b)  Keel striking Darlene with a chain and demanding that she disrobe and lay on the bed to await his subjective sexual pleasures
c)  his sexual behavior on the bed while lying on top of Darlene.

Other evidence showing demands and acts of masturbation do not negate the reasonable inferences that the jury was entitled to draw from the outlined evidence above.

We find sufficient evidence of Keel's intent to rape. We affirm.

Hoffman, C.J. and Garrard, J. concur.

NOTE.—Reported at 313 N.E.2d 711.