**STATE of North Dakota, Plaintiff-Appellee,**

v.

**Wayne OTTO, Defendant-Appellant.**

**Cr. No. 560.**

Supreme Court of North Dakota.

Sept. 29, 1976.

Rehearing Denied Oct. 15, 1976.

Vogel & Pulkrabek, Mandan, for defendant-appellant; argued by Benjamin C. Pulkrabek, Mandan.

Richard L. Schnell, State's Atty., Mandan, for plaintiff-appellee; argued by Marvin M. Hager, Asst. State's Atty., Mandan.

PAULSON, Judge.

Wayne Otto [hereinafter Otto] was convicted of the crime of possession of cocaine by a jury in the District Court of Morton County on March 12, 1976. Sentencing was set for March 18, 1976, and Otto through his counsel also presented a motion for a new trial on the same date. The motion for a new trial was denied on March 18, 1976, and on the same date Otto was sentenced to two years in the state penitentiary. The matter is now before this court on appeal.

On February 11, 1975, a search warrant was issued by the Morton County Court of Increased Jurisdiction to the officers of the Morton County sheriff's department, the Mandan police department, and the State Laboratories Department. The warrant was for a search of the Terry Heck residence. When the officers arrived at the Terry Heck residence, the front door of the house was locked and the sheriff, Leo Snider, rang the doorbell. No one answered the door and, after the officers heard people running inside the house and saw someone looking out of a window above the front door, the officers forced the door open and entered the premises. Upon entering the house, Sheriff Snider first encountered Otto in the livingroom area and told him to be seated in a rocking chair. Sheriff Snider then served the search warrant on Terry Heck. The sheriff then looked toward Otto and noticed that Otto was drawing his left hand from behind his back, whereupon the sheriff had Otto stand to be "pat searched" and, upon looking at the rocking chair in which Otto had been seated, Sheriff Snider observed a plastic vial lying on the cushion. The plastic vial was handed to a state chemist, Aaron E. Rash, and, upon analysis, was found to contain cocaine hydrochloride. As a result, Otto was charged with possession of cocaine, and this is the only charge for which he is being tried in the instant case. Two other persons present in the Terry Heck residence at the time of the raid were convicted of possession of cocaine in separate proceedings.

Otto's appeal raises two issues for our consideration:

(1) Did the trial court err in permitting the State to present evidence of Otto's possession of marijuana at a trial when the charge is possession of cocaine, after defense counsel had opened up the presence of other drugs—including marijuana—during his cross-examination of a State's witness? and

(2) Was it reversible error for the trial court to permit the State to further cross-examine the final defense witness after the defense had rested.

█ Otto first contends that it was reversible error for the State to produce at trial evidence of another crime—possession of marijuana—which was not relevant to

the crime charged in the Information.[1] Perusal of the record reveals that evidence of the presence of marijuana at the Terry Heck residence at the time of the raid was first elicited by defense counsel during cross-examination of a witness for the State. The record further reveals that such testimony was elicited as part of defense counsel's trial strategy to attempt to create doubt in the minds of the jurors as to ownership of the vial of cocaine found on the chair occupied by Otto, by showing: (1) that four different persons were present in the house at the time of the raid; (2) that two of those persons had subsequently pleaded guilty to charges of possession of cocaine arising from the same raid; (3) that Otto was only an overnight guest on the night of the raid; (4) that other "dime bags" of cocaine had been discovered elsewhere in the house; and (5) that other drugs were located on the premises—specifically, marijuana. It was the introduction of the fifth element of the defense's strategy that allowed the State to specifically respond to the inference that Otto was an innocent bystander who had just happened to sit in the wrong chair at an inopportune time.

■ The record further shows that the State presented evidence to link Otto with the marijuana found in the raid only after the defense counsel had used the presence of that same marijuana to create a favorable inference of Otto's innocent-bystander status. A defendant can neither complain of the admission of testimony which was invited by the defendant's own tactics at trial, nor object to the introduction of evidence of another crime where he himself has introduced evidence of that other crime. *United States v. Bolin,* 514 F.2d 554, 558 (7th Cir. 1975); *People v. Barksdale,* 24 Ill.App.3d 489, 321 N.E.2d 489, 497 (1974); *Henry v. State,* 328 So.2d 634, 639 (Ala.Cr. App.1976); *People v. Wright,* 41 Mich.App. 518, 200 N.W.2d 362, 368–369 (1972); *State*

*v. Nagel,* 75 N.D. 495, 28 N.W.2d 665, 680 (1947); *see* C. McCormick, Evidence § 57 (2d ed. 1972); 1 J. Wigmore § 15 (3d ed. 1940, Supp.1975).

■ The second issue presented to this court by Otto is whether it was reversible error for the trial court to permit the State to further cross-examine the final defense witness after the defense had rested. The record before us indicates, inter alia: that the defense called Melvin Garen as a witness for the defense; that, following direct examination by the defense and cross-examination by the State, both sides stated they had no further questions of such witness; that the trial judge then examined the defense witness Melvin Garen; that immediately following the conclusion of the court's examination of this witness the defense rested; that the State thereupon requested a short recess; that, following the ten-minute recess granted by the court, the State requested permission from the trial judge to recall Melvin Garen and to continue its cross-examination of Garen and that the trial judge granted the State such permission over defense counsel's timely objection to the same.

■ Section 29–21–01, N.D.C.C., provides for the order in which a trial must proceed. However, § 29–21–02, N.D.C.C., provides that the order of trial may be changed.

> "29–21–02. *Order of trial may be changed for cause.*—When the state of the pleadings requires it, or in any other case, for good reasons and in the sound discretion of the court, the order of trial and argument prescribed in section 29–21–01 may be departed from."

In addition, this court has on numerous occasions held that the trial court, in the exercise of its discretion, may change the order of trial. *State v. Iverson,* 187 N.W.2d 1, 39 (N.D.1971), *cert. den.* 404 U.S. 956, 92 S.Ct. 322, 30 L.Ed.2d 273; *Killmer v.*

---

1. Otto is not contending that the State improperly joined the crimes at trial, which would be impermissible under Rule 7(e), N.D.R.Crim.P.; rather, Otto is contending that evidence of another crime which is not relevant to the crime charged in the Information was used prejudicially against him to show the jury evidence of his apparent bad character and predisposition to commit crimes related to controlled substances.

888

*Duchscherer,* 72 N.W.2d 650, 657 (N.D. 1955); *Mevorah v. Goodman,* 79 N.D. 443, 57 N.W.2d 600, 608 (1953); *State v. Hazer,* 57 N.D. 900, 225 N.W. 319, 322 (1929). The United States Court of Appeals in a case arising in North Dakota made a similar holding. *Braatelien v. United States,* 147 F.2d 888, 893 (8th Cir. 1945).

 We conclude that the trial judge's granting of the State's motion to reopen cross-examination in this case was not an abuse of discretion when such motion was made immediately after the trial court's examination of the same witness and that, accordingly, the court acted within the power provided under § 29–21–02, N.D.C.C. Further, we find it immaterial that the trial judge omitted the reasons for his decision to allow reopening for cross-examination, absent any showing of abuse of the trial court's discretion. We believe that the State wished to minimize or foreclose juror speculation opened by the court's interrogation concerning ownership of the cocaine. Therefore, absent·any showing of abuse of a trial court's discretionary power under § 29–21–02, N.D.C.C., this court will not overturn a trial judge's exercise of that power. See 23 C.J.S. Criminal Law § 1056b (1961); 75 Am.Jur.2d, Trial §§ 146, 153, 158 (1974); *cf.* Annot., 87 A.L.R.2d 849 (1963).

For the reasons stated, the judgment of the district court and its order denying a new trial are affirmed.

ERICKSTAD, C. J., and PEDERSON, VOGEL and SAND, JJ., concur.