Edward "Butch" LEE II, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 182S38.

Supreme Court of Indiana.

Sept. 9, 1982.

Mark W. Hunter, Brazil, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Edward "Butch" Lee II, was convicted by a jury of criminal deviate conduct, a class B felony, Ind.Code § 35–42–4–2(a) (Burns 1979 Repl.), and was found to be an habitual offender. Ind.Code § 35–50–2–8 (Burns 1982 Supp.). He was sentenced to a period of ten years in the Indiana Department of Correction for his deviate conduct conviction; his sentence was enhanced by thirty years for his status as an habitual offender. In this direct appeal, he presents the following issues for our review:

1. Whether the trial court erred in overruling defendant's motion in limine designed to prohibit reference to his alleged midtrial escape attempt; and

2. Whether the court erred in overruling defendant's verified motion for a continuance based on the absence of a witness.

The record reveals that on May 14, 1981, J.M., a prisoner at the Clay County Jail, was beaten by a fellow prisoner and forced to succumb to anal intercourse. J.M. testified that his assailant was the defendant, who was also incarcerated in the Clay County Jail at that time.

I.

During the trial defendant was housed at the Clay County Jail. One night after the

state had closed its case-in-chief, defendant fell out of his bunk bed in the jail and sustained injuries which necessitated that he be transported to the Clay County Hospital for examination and treatment. Defendant was formally admitted as a patient and was assigned to the hospital's minimum security room for prisoner-patients.

The morning after defendant's arrival, a member of the hospital's housekeeping staff discovered evidence of tampering with the security screen which covered the window in defendant's room. The screen had been pulled approximately two inches away from its frame. A hasp which secured the screen was bent. Further examination of the room revealed a piece of wire located in the wastebasket.

After defendant completed his presentation of the evidence in his behalf, the state requested permission to reopen its case to present the newly-discovered evidence of defendant's attempted escape from the hospital. Defendant filed a motion in limine to prohibit the introduction of the evidence. His motion was predicated on the bases that the substantive value of the evidence was far outweighed by its prejudicial effect and that he had not had ample opportunity to investigate the alleged escape attempt for the purpose of rebutting the evidence relative thereto. Over defendant's motion, the state was permitted to introduce the evidence heretofore described.

■ Defendant here renews his contention that the trial court erred by permitting the state to reopen its case and present evidence of the alleged escape attempt. His challenge is directed at the trial court's exercise of discretion, for, pursuant to Ind. Code § 35–1–35–1 (Burns 1979 Repl.), the court, "for good reason" and "in furtherance of justice," could permit the state to reopen its case and present evidence relative to its original case. *See, e.g., Washington v. State,* (1980) Ind., 402 N.E.2d 1244; *Hollowell v. State,* (1971) 256 Ind. 467, 269 N.E.2d 755. It is also well settled that evidence of an attempted escape is relevant to show consciousness of guilt. *Lofton v. State,* (1978) 269 Ind. 60, 378 N.E.2d 834; *Thomas v. State,* (1970) 254 Ind. 561, 261 N.E.2d 224.

Defendant maintains that inasmuch as he was already facing terms of imprisonment for two convictions on unrelated offenses, the escape attempt cannot necessarily be attributed to defendant's consciousness of guilt over the pending deviate conduct charge. Conceding the validity of defendant's argument, it nonetheless remains that the assessment of the weight to be accorded the evidence of the attempted escape was a matter for the jury to evaluate. *Boles v. State,* (1973) 259 Ind. 661, 291 N.E.2d 357; *Manley v. State,* (1980) Ind.App., 410 N.E.2d 1338. Likewise, defendant's argument that the wholly circumstantial nature of the escape evidence rendered its admission improper must be rejected; the probative force of the evidence was also a matter for the jury to decide. *Bruce v. State,* (1978) 268 Ind. 180, 375 N.E.2d 1042, 1 A.L.R. 4th 616; *Boles v. State, supra; Manley v. State, supra.*

■ Defendant's argument that the introduction of the evidence was improper because it deprived him of the opportunity to prepare to rebut the attempted escape evidence presents a more significant question. A primary consideration in the determination of whether a party should be permitted to reopen its case is whether the opposing party has adequate opportunity to prepare to rebut the evidence offered. *Rinard v. State,* (1976) 265 Ind. 56, 351 N.E.2d 20; *Trinkle v. State,* (1972) 153 Ind.App. 524, 288 N.E.2d 165.

■ The record reveals the escape attempt occurred on July 27, 1981. The defendant learned of the state's intention to introduce evidence concerning the incident on July 28; the evidence was ultimately introduced on July 29. The state's evidence consisted of testimony from the police officer who had transported defendant to the hospital and was present when the evidence was discovered, as well as testimony from the housekeeper, the maintenance director, and the medical coordinator at the hospital. In sum, the witnesses' testimony established

the fact and nature of the evidence, as well as the absence of such evidence prior to defendant's stay in the room.

The evidence was not technical in nature. The record reveals defense counsel extensively cross-examined each of the four witnesses; gaps in their personal knowledge were fully revealed to the jury. The cross-examination was based on defense counsel's visit to Clay County Hospital and inspection of the minimum security room the previous evening.

During his visit to the hospital, defense counsel talked to the nurse on duty to defendant's room. After the state had rested its presentation of the escape evidence, defense counsel called the nurse to testify that defendant had complained that the air conditioning was set too low and that the room was cold, thereby positing the theory that defendant had damaged the window to obtain relief from the cold.

The nurse's presence in the courtroom and her testimony was procured via a recess in the court proceedings, which was granted at defendant's request. No continuance of a longer duration was sought by defendant, although that remedy was available. *Cf., Johnson v. State,* (1979) Ind.App., 384 N.E.2d 1035 (surprise witness). In the circumstances present here, including the fact that the escape attempt did not occur until after the state had rested, the fact that defense counsel was able to examine the defendant's hospital room, and the nontechnical nature of the subject matter involved, it does not appear that defendant was denied his right to rebut the newly-discovered evidence. The trial court did not abuse its discretion in overruling defendant's motion in limine. *Rinard v. State, supra; Trinkle v. State, supra.*

## II.

■ Defendant's trial commenced on July 22, 1981. On July 24, 1981, during defendant's presentation of his evidence, defendant moved for a continuance based on the absence of a witness. His motion, which was verified, stated that the absent witness had been incarcerated at the Clay County Jail on the date the alleged sexual abuse had occurred. According to the motion, the witness would have testified that he had not seen any blankets suspended over cell bars, as J.M. had testified; it was also stated in the motion that the witness would also testify as to J.M.'s general credibility and behavior while incarcerated at the jail.

According to the motion, counsel for defendant had personally served a subpoena on the witness and had discussed the importance his would-be testimony would have at trial. Nonetheless, it was stated in the motion, that the witness had joined the United States Army; defendant's attempts to locate the witness had "received vehement resistance" from the Army. The motion closed with a request that the court "continue this trial until said time that Counsel can procur [sic] said witness."

The trial court denied the motion and the trial continued. Defendant maintains the court erred in denying the motion. His contention is governed by Ind.Code § 35–1–26–1 (Burns 1979 Repl.), repealed effective September 1, 1982, Acts 1981, P.L. 298 § 9(a), and its case progeny. Pursuant to the statute, defendant was required either to file the affidavit for the continuance "at least five (5) days before the date set for trial" or establish to the satisfaction of the court that he was not at fault for failing to file the motion at an earlier date.

Obviously, defendant's motion was not filed five days prior to trial. Nor does it appear the defendant satisfied his burden to establish that his failure to file the motion until midway through the presentation of his case was excusable.

There is no express explanation in the motion for his delay. While the motion reveals that the subpoena was personally served on the witness on July 10, 1981, twelve days prior to trial, there is no indication as to when the witness entered the Army. Similarly, there is no indication as to the date when defendant made his various attempts to locate the defendant via Army personnel. In short, there is no ex-

planation of the sequence of events which culminated in the midtrial continuance motion.

The five-day requirement and its counterpart—the burden to establish the excusability of the failure to file the motion at an earlier date—are crucial to the orderly administration of justice. Midtrial delays are anathema to crowded court calendars and the speedy dispensation of justice in the community; the interruption of a trial bears adverse ramifications for the jury's capacity to evaluate all the evidence while it is fresh in the jurors' minds. For these reasons, continuances are not favored in the law and should be granted only upon a showing of proper grounds. *See generally, Keel v. State,* (1974) 160 Ind.App. 707, 313 N.E.2d 711; *Trinkle v. State, supra.*

Here, defendant failed to satisfy his burden pursuant to Ind.Code § 35–1–26–1, *supra.* Consequently, defendant's motion was addressed to the sound discretion of the trial court. *Royal v. State,* (1979) Ind., 396 N.E.2d 390; *Atkins v. State,* (1977) 175 Ind.App. 230, 370 N.E.2d 985. Here, we conclude there is no clear demonstration that the trial court abused its discretion. The motion indicated that any continuance which would be granted necessarily would have to be of indefinite duration; there was no showing, as is contemplated in the statute, that the absent witness's testimony could be procured within a reasonable time. Nor is there any indication that the witness's deposition was sought prior to his departure from the state. In light of these various circumstances, the trial court did not abuse its discretion in denying the motion. *Royal v. State, supra; Orms v. State,* (1975) 165 Ind.App. 95, 330 N.E.2d 757.

For all the foregoing reasons, there was no trial court error and its judgment should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.