[No. 13640-6-II.   Division Two.   August 6, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. TIMOTHY
BRINKLEY, *Appellant*.

*Kent R. Bratt,* for appellant (appointed counsel for appeal).

*C. Danny Clem, Prosecuting Attorney,* and *Pamela B. Loginsky* and *Michael B. Savage, Deputies,* for respondent.

ALEXANDER, J. — Timothy Brinkley appeals his conviction on a charge of attempted first degree robbery. He contends on appeal that the trial court erred in permitting the State to reopen its case in order to present witnesses to address a question from a juror. We affirm.

Brinkley was charged in Kitsap County Superior Court with attempted first degree robbery. On the third day of his jury trial, immediately after the defense had rested and the State had indicated that it had no rebuttal witnesses, a juror indicated to the trial court that he had a question. The trial judge instructed the juror to reduce the question to writing and deliver it to the bailiff who would transmit it to the court. The jury was excused.

The trial court then read the juror's written question to both counsel, outside the presence of the jury. The juror's question was as follows:

In the case of the missing jewelry and Mickey Mouse watch, were they returned to the victim, Mr. Phillips? If not, how come he is [*sic*] wearing the Mickey Mouse watch when he testified?

Upon hearing the question, the State moved to reopen its case in order to respond to the juror's question. It indicated that the crime victim, Phillips, would testify that he had

purchased a Mickey Mouse watch after the incident, to replace the one that had been taken from him. Brinkley's counsel objected, contending that his client would be prejudiced by reopening because he would need to present additional testimony from two police officers (Keizer and Harris). He also indicated that he would have to interview the sales clerk who supposedly sold the new Mickey Mouse watch to Phillips after the attempted robbery. The trial court granted the State's motion, but indicated it would give defense counsel "additional time or additional subpoenas, or whatever you need to respond to that, . . .".

The State recalled Phillips after Brinkley's counsel was given an opportunity to interview him. Phillips admitted that he had worn a Mickey Mouse watch in court on the previous day. He said that this watch had been purchased to replace the one that had been stolen.[1] Phillips recalled that he bought the new watch at Sears but said he would not recognize the sales clerk who sold it to him.

The State also recalled Detectives Keizer and Harris. Keizer testified that he had no knowledge of any missing property being recovered. Harris testified that he was not present when Phillips described the missing watch to Keizer. Brinkley's counsel cross-examined Keiser and Harris, but he did not call any additional witnesses on Brinkley's behalf. The jury convicted Brinkley of attempted first degree robbery.

Brinkley's only contention on appeal is that the trial court erred in permitting the State to reopen its case to address the question submitted by the juror. He argues, initially, that it was error for the trial court to "transmit" the juror's question to both counsel. At argument before this court, Brinkley's counsel conceded that he was not relying heavily on that argument. The concession is understandable. A trial court has a great deal of discretionary power to deal with unexpected events that occur at a trial and the trial

---

[1]This court was not provided with a record of the entire proceedings. The record is limited to the proceedings following the juror's question. It is not clear to us why Brinkley was charged with attempted robbery rather than robbery.

court's decision as to how to deal with such events will be upheld unless abuse of discretion is clearly shown. *State v. Swenson*, 62 Wn.2d 259, 382 P.2d 614 (1963). Here, the trial court was faced with an unusual circumstance. It wisely chose to deal with it in the exact manner prescribed in Washington Pattern Jury Instructions — Criminal (WPIC).[2] Once having received the juror's communication, the trial court did not abuse its discretion in informing counsel of the juror's question. Indeed, it would have been improper for the court not to do so before it made its determination as to the proper course of action.[3]

The more difficult question is whether the trial court properly exercised its discretion when it allowed the State to reopen its case in order to respond to the juror's question. Brinkley's counsel suggests that while it might not have been error to allow these same witnesses to be called earlier in the trial in order to address what turned out to be the

---

[2]WPIC 4.66 provides:

"A juror who wants to ask a question of a witness must wait until both lawyers have completed their questioning of that witness. If at that time the juror still has some question, the juror will be given an opportunity to write it out and submit it to the court so that it can be decided whether the question is legally proper.

"(Questioning by counsel proceeds to conclusion.)

"[Mr.] [Ms.] ___, Juror No. ___, do you have a question at this time which you want to write out? If so, the bailiff will hand you a pencil and paper."

The official comment to WPIC 4.66 reads as follows:

"All courts are not in agreement on what to do in case a juror wants to question a witness. How the matter is handled is usually discretionary with the trial judge; however, it is advisable that a judge should not encourage jurors to ask questions of witnesses since it usually only interrupts the trial and the questions will be cleared up as the matter proceeds. When there remains a real need to satisfy a juror's question on a particular point, then the above instruction should be given. This procedure allows the trial court to keep strict control of questions to be asked and obviates the element of oppression on counsel who may be reluctant to object to a question asked by a juror."

[3]In a recent opinion, Division One of this court expressed its general approval of the procedures described in WPIC 4.66 and the official comment thereto. *State v. Monroe*, 65 Wn. App. 245, 828 P.2d 24 (1992). In that case the court noted that "many states require a procedure . . . where counsel have an opportunity to object to the question out of the jury's hearing." *Monroe*, 65 Wn. App. at 253.

848

juror's concern, it was error to allow it at after both parties had rested. We disagree.

■ ■ Generally, the issue of whether to allow a party to reopen its case to present further evidence is a matter within the discretion of the trial court. *E.g., State v. Sanchez*, 60 Wn. App. 687, 696, 806 P.2d 782 (1991). A trial court's actions in regard to reopening of a case will be upheld except upon a showing of manifest abuse of discretion and prejudice resulting to the complaining party. *E.g., Sanchez*, 60 Wn. App. at 696; *State v. Vickers*, 18 Wn. App. 111, 113, 567 P.2d 675 (1977); *Seattle v. Heath*, 10 Wn. App. 949, 520 P.2d 1392 (1973). "Abuse of discretion is discretion exercised on untenable grounds for untenable reasons." *Sanchez*, 60 Wn. App. at 696 (citing *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)).

Washington courts have upheld trial court decisions allowing the prosecution to reopen to present further evidence after the defense has moved for dismissal on the basis of insufficiency of the evidence. *Estes v. Hopp*, 73 Wn.2d 263, 264-65, 438 P.2d 205 (1968) (proof of ownership of stolen car); *Vickers*, 18 Wn. App. at 113 (proof of jurisdiction where crime occurred); *Heath*, 10 Wn. App. at 953 (proof of driving record in traffic charges). Moreover, in bench trials, where the trial court is also the trier of fact, at least one appellate court has held it is not an abuse of discretion to allow the State to reopen, after the defense had rested, to address a specific question of the trial court. *State v. Johnson*, 1 Wn. App. 602, 464 P.2d 442 (1969).

■ ■ Because the prosecution may properly be allowed to present additional evidence to resolve deficiencies in its case pointed out by the defendant, and to address the trial court's questions in a bench trial after both sides have rested, we see no logical basis for concluding that it is a per se abuse of discretion to allow the State to reopen, after the defense has rested its case, to address a juror's question.

Finally, we find persuasive support from other jurisdictions for our determination that a trial court does not necessarily abuse its discretion by allowing the prosecution to

reopen its case after the defense has rested. *People v. Garvey*, 99 Cal. App. 3d 320, 324, 160 Cal. Rptr. 73, 74-75 (1979); *State v. Zayas*, 195 Conn. 611, 615-16, 490 A.2d 68, 71 (1985); *State v. Patnovic*, 129 A.2d 780 (Del. Super. Ct. 1957) (citing *Commonwealth v. Cohan*, 307 Mass. 179, 29 N.E.2d 693 (1940)); *Kimmons v. State*, 178 So. 2d 608 (Fla. Dist. Ct. App. 1965), *review denied*, 190 So. 2d 308 (Fla. 1966), *cert. denied*, 387 U.S. 934, 18 L. Ed. 2d 996, 87 S. Ct. 2057 (1967), *overruled on other grounds in Ivory v. State*, 351 So. 2d 26, 28 (Fla. 1977); *Fambro v. State*, 165 Ga. App. 445, 447-48, 299 S.E.2d 114, 116 (1983); *People v. Whitfield*, ___ Ill. App. 3d ___, 573 N.E.2d 1267, 1273-75 (1991); *Lee v. State*, 439 N.E.2d 603 (Ind. 1982); *State v. Bonanno*, 373 So. 2d 1284 (La. 1979); *Huffington v. State*, 295 Md. 1, 452 A.2d 1211 (1982); *Perkins v. State*, 229 Miss. 299, 303, 90 So. 2d 650, 652 (1956); *State v. Menke*, 25 N.J. 66, 135 A.2d 180 (1957) (citing *State v. McGuire*, 327 Mo. 1176, 39 S.W.2d 523 (1931)); *State v. Hernandez*, 36 N.M. 35, 7 P.2d 930 (1931); *State v. Currie*, 293 N.C. 523, 527-28, 238 S.E.2d 477, 479-80 (1977); *State v. Chavis*, 24 N.C. App. 148, 197, 210 S.E.2d 555, 585 (1974) (citing 2 Strong, N.C. Index 2d, Criminal Law § 97), *cert. denied*, 287 N.C. 261 (1975), *cert. denied*, 423 U.S. 1080, 47 L. Ed. 2d 91, 96 S. Ct. 868 (1976); *State v. Otto*, 245 N.W.2d 885 (N.D. 1976); *Commonwealth v. Irving*, 485 Pa. 596, 403 A.2d 549 (1979), *cert. denied*, 444 U.S. 1020, 62 L. Ed. 2d 651, 100 S. Ct. 676 (1980); *Commonwealth v. Tabas*, 308 Pa. Super. 43, 454 A.2d 12 (1982); *State v. Benevides*, 420 A.2d 65 (R.I. 1980); *Boyd v. State*, 774 S.W.2d 37 (Tex. Ct. App. 1989) (citing Tex. Crim. Proc. Code Ann. art. 36.02 (Vernon 1981)); *Brinson v. State*, 570 S.W.2d 937 (Tex. Crim. App. 1978); *see also Flynn v. State*, 488 N.E.2d 735 (Ind. Ct. App. 1986) (abuse of discretion to refuse to allow defendant to reopen its case when State failed to establish it would have been unduly prejudiced by the defense reopening); *State v. Joseph*, 434 So. 2d 1057, 1061 n.3 (La. 1983) (in dicta, court stated it has discretion to allow State to reopen its case in criminal matter prior to closing arguments); *State v. Thomas*, 133 N.H. 360, 577

A.2d 89 (1990) (party seeking to reopen case may show "good cause" any time prior to submission to the jury).

The determination of whether the trial court's decision to allow the State to reopen constitutes an abuse of discretion depends to some extent on the potential for unfairness to the complaining party. Once again, we find cases from other jurisdictions instructive on whether the defendant was unfairly disadvantaged by the trial court's determination. The Supreme Court of New Jersey noted that the fact that the additional evidence was harmful or prejudicial to the defendant would not itself justify the conclusion that the court abused its discretion. *State v. Menke*, 25 N.J. 66, 71, 135 A.2d 180, 183 (1957). Rather, the *Menke* court noted relevant factors which include: whether defendant had excused witness who would have been used to rebut new evidence offered; whether the State deliberately withheld the so-called additional evidence until the late stage; and the extent, if any, to which the defendant suffered greater damage than he would have if the evidence had been offered at the proper time. *State v. Menke, supra* (citing *State v. McGuire*, 327 Mo. 1176, 39 S.W.2d 523 (1931); *State v. Hernandez*, 36 N.M. 35, 7 P.2d 930 (1931)).

Similarly, the Indiana Supreme Court concluded that allowing the State to reopen was proper in view of the fact that the defense had an opportunity for a continuance, to interview the additional witnesses, and to put on rebuttal witnesses of its own, and the State's additional evidence was discovered after it rested and was not highly technical. *Lee v. State*, 439 N.E.2d 603 (Ind. 1982); *see also Kimmons v. State*, 178 So. 2d 608 (Fla. Dist. Ct. App. 1965), *review denied*, 190 So. 2d 308 (Fla. 1966), *cert. denied*, 387 U.S. 934, 18 L. Ed. 2d 996, 87 S. Ct. 2057 (1967). More recently, an Indiana appellate court has noted that the primary consideration in such a decision is whether the opposing party has an adequate opportunity to prepare rebuttal to the evidence offered. *Flynn v. State*, 488 N.E.2d 735 (Ind. Ct. App. 1986). The *Flynn* court, however, went on to identify other factors including the nature of the testimony sought to be

introduced and whether the stage of trial might place undue emphasis on the testimony sought to be presented. *Flynn v. State, supra.*

Here, the trial court asked defense counsel to explain what prejudice the defendant would suffer if the State were allowed to reopen its case. Defense counsel indicated only that the police detectives who had previously testified would be needed for further cross examination and that the defense would need to call the clerk who supposedly sold the replacement watch to the victim, Tom Phillips. The State recalled the victim, Phillips, as well as Detectives Keizer and Harris and, consequently, they were available for cross examination. In addition, the trial court allowed Brinkley's trial counsel time to interview all of these witnesses and to secure the presence of other witnesses, including the store clerk. This action by the trial court certainly mitigated any possible prejudice to Brinkley.

There is no indication that the State took the action it did to put Brinkley at a disadvantage. Nor is there any indication that it engaged in trickery or made a calculated decision to hold evidence back. In short, Brinkley was faced with evidence which could have been presented during the State's case in chief and there is no suggestion that the impact of this additional evidence was intensified due to the timing of its presentation.

Based on the foregoing, we conclude that the trial court's decision to allow the State to reopen its case did not put Brinkley at an unfair disadvantage nor did it cause him unfair prejudice. The trial court did not abuse its discretion in allowing the State to reopen.

Affirmed.

PETRICH, C.J., and SEINFELD, J., concur.