In sum, we remand the three Drug Court expungement applications for reconsideration. Assuming the State can demonstrate that the applicant has a potentially disqualifying conviction under *N.J.S.A.* 2C:52–2(c)(3), the applicant shall bear the burden to establish that expungement of that conviction would serve the public interest, as required by *N.J.S.A.* 2C:52–2(c)(3). The court shall make the appropriate finding consistent with the principles set forth above and in *Kollman*. We express no opinion on the appropriateness of the requested expungements in these three cases, and leave it to the trial court's sound exercise of discretion.

Vacated and remanded. We do not retain jurisdiction.

168 A.3d 93

L.C., PLAINTIFF–APPELLANT, v. M.A.J.,
DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted September 12, 2017—Decided September 20, 2017

*3108* (Jan. 11, 2016) (stating that Drug Court expungements "might ... help give non-violent offenders a fresh start, with better employment prospects and educational opportunities").

Before Judges Fisher, Fasciale and Moynihan.

*Weinberger Law Group, LLC,* attorneys for appellant (*Jessica Ragno Sprague,* on the brief).

*Daly & Associates, LLC,* attorneys for respondent (*Carolyn N. Daly* and *Amy Kriegsman,* on the brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

On the day of a final hearing, defendant filed an in limine motion, unsupported by a sworn statement, seeking dismissal of his ex-wife's domestic violence complaint. Without taking testimony from any witness, the judge granted defendant's motion, concluding that plaintiff failed to sustain her burden of proving an act of domestic violence. Because the procedures employed were seriously flawed and contrary to the spirit of the Prevention of Domestic Violence Act, *N.J.S.A.* 2C:25–17 to –35, we reverse.

On May 16, 2016, plaintiff filed her domestic violence complaint and, at a brief hearing before a different judge the same day, she obtained a temporary restraining order. Her complaint alleged a history of domestic violence that included past physical abuse and

other controlling conduct; as for the present, she complained defendant harassed her by sending communications to her and her employer.

At the outset of the May 31 final hearing, defense counsel presented to the judge a motion to dismiss. Although the motion invoked no particular rule, in his merits brief here defendant argues the motion was based on *Rule* 4:6–2(e), which authorizes dismissal when a complaint fails to state a claim upon which relief may be granted. The moving papers, however, suggest something different. That is, defendant's motion didn't address whether plaintiff pleaded all the necessary elements of a cause of action; defendant addressed the specific facts alleged and argued plaintiff only asserted his communications related to parenting issues and did not constitute harassment. After hearing from both attorneys but without hearing any testimony, the judge granted the motion and dismissed the complaint.

We reverse for two essential reasons.

First, we have repeatedly condemned the filing or consideration of in limine motions that seek an action's termination. *See Cho v. Trinitas Reg'l Med. Ctr.*, 443 *N.J.Super.* 461, 464, 470, 129 *A.*3d 350 (App. Div. 2015), *certif. denied*, 224 *N.J.* 529, 135 *A.*3d 149 (2016); *Klier v. Sordoni Skanska Constr. Co.*, 337 *N.J.Super.* 76, 83–85, 766 *A.*2d 761 (App. Div. 2001). Our court rules simply do not countenance the practice of filing dispositive motions on the eve of or at the time of trial. An in limine motion, filed at such late date, is permissible only when it addresses preliminary or evidentiary issues. Even then, such motions are "disfavor[ed]," *Cho, supra*, 443 *N.J.Super.* at 470, 129 *A.*3d 350; *State v. Cordero*, 438 *N.J.Super.* 472, 484–85, 105 *A.*3d 1129 (App. Div. 2014), *certif. denied*, 221 *N.J.* 287, 112 *A.*3d 594 (2015), and should be heard "only sparingly," *Bellardini v. Krikorian*, 222 *N.J.Super.* 457, 464, 537 *A.*2d 700 (App. Div. 1988).

Defendant's motion did not seek a resolution of a preliminary or evidentiary issue; defendant sought dismissal. By moving

for a sudden and summary disposition of this domestic violence action, defendant proceeded improperly. And the judge erred by considering the motion instead of rejecting it out of hand.

Indeed, what makes this case different from the other cases cited above is that the improper motion was filed in a domestic violence matter. We condemn even more vigorously motions of this type in this setting, where the alleged victim's safety and well-being are the suit's prime considerations.[1] It is the rare domestic violence action that may be amenable to a pretrial dismissal on its merits. And, in that rare case, due process—despite its flexibility—requires nothing less than adequate notice, an opportunity to file opposition, and a fair chance to be heard. The judge's mistaken willingness to consider defendant's last-minute dispositive motion deprived this alleged domestic violence victim of meaningful reflection and an opportunity to file responding papers. This rapid disposition deprived plaintiff of due process and compels reversal. *See Doe v. Poritz*, 142 *N.J.* 1, 106, 662 *A.*2d 367 (1995) (recognizing that "due process requires an opportunity to be heard at a meaningful time and in a meaningful manner"). If defendant possessed legitimate grounds for seeking dismissal—an assertion we do not address—he should have been relegated to

---

[1] We can appreciate the temptation in many civil cases to entertain dispositive in limine motions because, when granted, courts avoid the trouble of proceeding at trial to the point where an involuntary dismissal would seem inevitable. But "swift justice demands more than just swiftness." *Henderson v. Bannan*, 256 *F.*2d 363, 390 (6th Cir.) (Stewart, C.J., dissenting), *cert. denied*, 358 *U.S.* 890, 79 *S.Ct.* 129, 3 *L.Ed.*2d 118 (1958); *see also State v. Cullen*, 428 *N.J.Super.* 107, 113, 50 *A.*3d 686 (App. Div. 2012). Since most domestic-violence trials are succinct proceedings—and this case appears no different—the erroneous short-circuiting of this case has not even provided the parties with a swift disposition. Who knows; the trial testimony might very well have taken less time than the argument on the motion. And the time and trouble in pursuing this appeal has far exceeded the small modicum of time ostensibly saved by the judge's precipitous grant of defendant's motion. "[T]he desire to facilitate judicial administration must take a back seat to our primary goal which is to adjudicate cases fairly and impartially." *Klier, supra*, 337 *N.J.Super.* at 83, 766 *A.*2d 761.

moving for an involuntary dismissal at the close of plaintiff's case or at the close of all the evidence.

■ Second, despite defendant's efforts here to recast his trial court motion as a motion to dismiss for failure to state a claim, the record reveals that defendant sought dismissal and the judge dismissed the action because they both believed plaintiff's factual allegations failed to provide an adequate framework for a final restraining order. Like the judge's oral opinion, the order under review states that the action was dismissed because the judge "determined ... that the required burden of proof has not been met." This statement belies defendant's contention about the nature of the motion since a *Rule* 4:6–2(e) motion may not address a plaintiff's "ability ... to prove the allegation contained in the complaint." *Printing Mart–Morristown v. Sharp Elecs. Corp.*, 116 *N.J.* 739, 746, 563 *A.*2d 31 (1989). And however labeled,[2] defendant's application was treated as a summary judgment motion.

In considering whether to grant summary judgment, the judge's oral opinion reveals that he accepted defense counsel's characterization that defendant's alleged communications were motivated only by his concern for the parties' ten-year-old child's welfare. No sworn statement supported that theory, a circumstance that alone required the motion's denial. The judge, however, assumed the bona fides of defendant's communications on a factually-barren record and, in so doing, failed to provide plaintiff with the benefits and reasonable inferences required by well-known summary judgment principles. *See Brill v. Guardian Life Ins. Co. of Am.*, 142 *N.J.* 520, 540, 666 *A.*2d 146 (1995). Plaintiff provided, by way of

---

[2] As mentioned, the motion was not labeled at all. If we assume *Rule* 4:6–2(e) provided the authority for the order under review, we would even more expeditiously reverse. The complaint alleged that defendant engaged in harassment, which may constitute an act of domestic violence. *N.J.S.A.* 2C:25–19(a)(13). That was enough to require a *Rule* 4:6–2(e) motion's denial. And, even if she hadn't pleaded a valid cause of action, the judge was required to allow plaintiff an opportunity to file an amended pleading before finally terminating the action in defendant's favor. *Printing Mart–Morristown, supra,* 116 *N.J.* at 746, 563 *A.*2d 31.

her complaint, sufficient detail to suggest that defendant's communications were not so innocent and, in reality, were made with a purpose to harass and exert control over her[3] in a manner consistent with alleged past conduct. So, even assuming the judge did not err—as he did—by considering the motion, and assuming he did not err—as he did—by failing to provide plaintiff with an opportunity to file opposing papers, the judge erred by failing to examine and interpret plaintiff's allegations in the light most favorable to her, *ibid.*, and with an appreciation for the allegations of a past history of domestic violence, in this fact-sensitive domestic violence matter, *J.D. v. M.D.F.*, 207 *N.J.* 458, 484, 25 *A.*3d 1045 (2011); *N.B. v. S.K.*, 435 *N.J.Super.* 298, 307, 88 *A.*3d 937 (App. Div. 2014).

Because the judge mistakenly considered defendant's so-called in limine motion to dismiss and then erroneously granted it, we reverse the dismissal order, reinstate the temporary restraining order, and remand for a final hearing before a different judge. We do not retain jurisdiction.

---

[3] The complaint alleged that defendant emailed plaintiff to ask if she was staying with the child whom, he was told, was home sick. When plaintiff did not respond, defendant called the child who said she was home sick. Defendant then "accused [plaintiff] of having [the child] lie" and "[l]ater in the day" defendant emailed plaintiff "claiming [plaintiff] left [the child] home alone while sick." Defendant also "wrote that because he had not heard back [from plaintiff] he called" her employer "to see if she was working." Plaintiff also alleged that defendant had called her employer three times and that a police officer arrived at the home as a result of a phone call she assumed was made by defendant. When applying for the TRO, plaintiff also testified defendant used an alias (his first name, her last name) when calling her employer to learn her whereabouts.