RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4933-15T2

L.C.,

 Plaintiff-Appellant, APPROVED FOR PUBLICATION

 September 20, 2017
 v.
 APPELLATE DIVISION
M.A.J.,

 Defendant-Respondent.
______________________________________________________

 Submitted September 12, 2017 – Decided September 20, 2017

 Before Judges Fisher, Fasciale and Moynihan.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part, Morris
 County, Docket No. FV-14-0952-16.

 Weinberger Law Group, LLC, attorneys for
 appellant (Jessica Ragno Sprague, on the
 brief).

 Daly & Associates, LLC, attorneys for
 respondent (Carolyn N. Daly and Amy Kriegsman,
 on the brief).

 The opinion of the court was delivered by

FISHER, P.J.A.D.

 On the day of a final hearing, defendant filed an in limine

motion, unsupported by a sworn statement, seeking dismissal of his

ex-wife's domestic violence complaint. Without taking testimony

from any witness, the judge granted defendant's motion, concluding
that plaintiff failed to sustain her burden of proving an act of

domestic violence. Because the procedures employed were seriously

flawed and contrary to the spirit of the Prevention of Domestic

Violence Act, N.J.S.A. 2C:25-17 to -35, we reverse.

 On May 16, 2016, plaintiff filed her domestic violence

complaint and, at a brief hearing before a different judge the

same day, she obtained a temporary restraining order. Her complaint

alleged a history of domestic violence that included past physical

abuse and other controlling conduct; as for the present, she

complained defendant harassed her by sending communications to her

and her employer.

 At the outset of the May 31 final hearing, defense counsel

presented to the judge a motion to dismiss. Although the motion

invoked no particular rule, in his merits brief here defendant

argues the motion was based on Rule 4:6-2(e), which authorizes

dismissal when a complaint fails to state a claim upon which relief

may be granted. The moving papers, however, suggest something

different. That is, defendant's motion didn't address whether

plaintiff pleaded all the necessary elements of a cause of action;

defendant addressed the specific facts alleged and argued

plaintiff only asserted his communications related to parenting

issues and did not constitute harassment. After hearing from both

 2 A-4933-15T2
attorneys but without hearing any testimony, the judge granted the

motion and dismissed the complaint.

 We reverse for two essential reasons.

 First, we have repeatedly condemned the filing or

consideration of in limine motions that seek an action's

termination. See Cho v. Trinitas Reg'l Med. Ctr., 443 N.J. Super.

461, 464, 470 (App. Div. 2015), certif. denied, 224 N.J. 529

(2016); Klier v. Sordoni Skanska Constr. Co., 337 N.J. Super. 76,

83-85 (App. Div. 2001). Our court rules simply do not countenance

the practice of filing dispositive motions on the eve of or at the

time of trial. An in limine motion, filed at such late date, is

permissible only when it addresses preliminary or evidentiary

issues. Even then, such motions are "disfavor[ed]," Cho, supra,

443 N.J. Super. at 470; State v. Cordero, 438 N.J. Super. 472,

484-85 (App. Div. 2014), certif. denied, 221 N.J. 287 (2015), and

should be heard "only sparingly," Bellardini v. Krikorian, 222

N.J. Super. 457, 464 (App. Div. 1988).

 Defendant's motion did not seek a resolution of a preliminary

or evidentiary issue; defendant sought dismissal. By moving for a

sudden and summary disposition of this domestic violence action,

defendant proceeded improperly. And the judge erred by considering

the motion instead of rejecting it out of hand.

 3 A-4933-15T2
 Indeed, what makes this case different from the other cases

cited above is that the improper motion was filed in a domestic

violence matter. We condemn even more vigorously motions of this

type in this setting, where the alleged victim's safety and well-

being are the suit's prime considerations.1 It is the rare domestic

violence action that may be amenable to a pretrial dismissal on

its merits. And, in that rare case, due process – despite its

flexibility – requires nothing less than adequate notice, an

opportunity to file opposition, and a fair chance to be heard. The

judge's mistaken willingness to consider defendant's last-minute

dispositive motion deprived this alleged domestic violence victim

of meaningful reflection and an opportunity to file responding

papers. This rapid disposition deprived plaintiff of due process

1
 We can appreciate the temptation in many civil cases to entertain
dispositive in limine motions because, when granted, courts avoid
the trouble of proceeding at trial to the point where an
involuntary dismissal would seem inevitable. But "swift justice
demands more than just swiftness." Henderson v. Bannan, 256 F.2d
363, 390 (6th Cir.) (Stewart, C.J., dissenting), cert. denied, 358
U.S. 890, 79 S. Ct. 129, 3 L. Ed. 2d 118 (1958); see also State
v. Cullen, 428 N.J. Super. 107, 113 (App. Div. 2012). Since most
domestic-violence trials are succinct proceedings – and this case
appears no different – the erroneous short-circuiting of this case
has not even provided the parties with a swift disposition. Who
knows; the trial testimony might very well have taken less time
than the argument on the motion. And the time and trouble in
pursuing this appeal has far exceeded the small modicum of time
ostensibly saved by the judge's precipitous grant of defendant's
motion. "[T]he desire to facilitate judicial administration must
take a back seat to our primary goal which is to adjudicate cases
fairly and impartially." Klier, supra, 337 N.J. Super. at 83.

 4 A-4933-15T2
and compels reversal. See Doe v. Portiz, 142 N.J. 1, 106 (1995)

(recognizing that "due process requires an opportunity to be heard

at a meaningful time and in a meaningful manner"). If defendant

possessed legitimate grounds for seeking dismissal – an assertion

we do not address – he should have been relegated to moving for

an involuntary dismissal at the close of plaintiff's case or at

the close of all the evidence.

 Second, despite defendant's efforts here to recast his trial

court motion as a motion to dismiss for failure to state a claim,

the record reveals that defendant sought dismissal and the judge

dismissed the action because they both believed plaintiff's

factual allegations failed to provide an adequate framework for a

final restraining order. Like the judge's oral opinion, the order

under review states that the action was dismissed because the

judge "determined . . . that the required burden of proof has not

been met." This statement belies defendant's contention about the

nature of the motion since a Rule 4:6-2(e) motion may not address

a plaintiff's "ability . . . to prove the allegation contained in

the complaint." Printing Mart-Morristown v. Sharp Elecs. Corp.,

 5 A-4933-15T2
116 N.J. 739, 746 (1989). And however labeled,2 defendant's

application was treated as a summary judgment motion.

 In considering whether to grant summary judgment, the judge's

oral opinion reveals that he accepted defense counsel's

characterization that defendant's alleged communications were

motivated only by his concern for the parties' ten-year-old child's

welfare. No sworn statement supported that theory, a circumstance

that alone required the motion's denial. The judge, however,

assumed the bona fides of defendant's communications on a

factually-barren record and, in so doing, failed to provide

plaintiff with the benefits and reasonable inferences required by

well-known summary judgment principles. See Brill v. Guardian Life

Ins. Co. of Am., 142 N.J. 520, 540 (1995). Plaintiff provided, by

way of her complaint, sufficient detail to suggest that defendant's

communications were not so innocent and, in reality, were made

2
 As mentioned, the motion was not labeled at all. If we assume
Rule 4:6-2(e) provided the authority for the order under review,
we would even more expeditiously reverse. The complaint alleged
that defendant engaged in harassment, which may constitute an act
of domestic violence. N.J.S.A. 2C:25-19(a)(13). That was enough
to require a Rule 4:6-2(e) motion's denial. And, even if she hadn't
pleaded a valid cause of action, the judge was required to allow
plaintiff an opportunity to file an amended pleading before finally
terminating the action in defendant's favor. Printing Mart-
Morristown, supra, 116 N.J. at 746.

 6 A-4933-15T2
with a purpose to harass and exert control over her3 in a manner

consistent with alleged past conduct. So, even assuming the judge

did not err – as he did – by considering the motion, and assuming

he did not err – as he did – by failing to provide plaintiff with

an opportunity to file opposing papers, the judge erred by failing

to examine and interpret plaintiff's allegations in the light most

favorable to her, ibid., and with an appreciation for the

allegations of a past history of domestic violence, in this fact-

sensitive domestic violence matter, J.D. v. M.D.F., 207 N.J. 458,

484 (2011); N.B. v. S.K., 435 N.J. Super. 298, 307 (App. Div.

2014).

 Because the judge mistakenly considered defendant's so-called

in limine motion to dismiss and then erroneously granted it, we

reverse the dismissal order, reinstate the temporary restraining

3
 The complaint alleged that defendant emailed plaintiff to ask if
she was staying with the child whom, he was told, was home sick.
When plaintiff did not respond, defendant called the child who
said she was home sick. Defendant then "accused [plaintiff] of
having [the child] lie" and "[l]ater in the day" defendant emailed
plaintiff "claiming [plaintiff] left [the child] home alone while
sick." Defendant also "wrote that because he had not heard back
[from plaintiff] he called" her employer "to see if she was
working." Plaintiff also alleged that defendant had called her
employer three times and that a police officer arrived at the home
as a result of a phone call she assumed was made by defendant.
When applying for the TRO, plaintiff also testified defendant used
an alias (his first name, her last name) when calling her employer
to learn her whereabouts.

 7 A-4933-15T2
order, and remand for a final hearing before a different judge.

We do not retain jurisdiction.

 8 A-4933-15T2