**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4350-18T4

RUTH M. SANCHEZ,

      Plaintiff-Appellant/
      Cross-Respondent,

v.

THE ESTATE OF MARCO B.
FERNANDO, M.D., MAMATHA
GOWDA, M.D., FENG TAO,
M.D., AMERICAN IMAGING OF
JERSEY CITY,

      Defendants,

and

CHALAPATHY NARISETY, M.D.,
MELCHOR D. ROMERO, M.D.,
ZARINE F. PATEL. M.D., JODY M.
MELENDEZ, M.D., PAYAM TORREI,
M.D., JERSEY CITY MEDICAL
CENTER, RWJ BARNABAS HEALTH,
LIBERTY MEDICAL ASSOCIATES,

      Defendants-Respondents/
      Cross-Appellants,

and

JOHN V. CHOLANKERIL, M.D.,

    Defendant-Respondent.

_____

Argued September 22, 2020 – Decided October 19, 2020

Before Judges Gilson, Moynihan, and Gummer.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0897-17.

Timothy J. Foley argued the cause for appellant/cross-respondent (Snyder Sarno D'Aniello Maceri & da Costa LLC, attorneys; Timothy J. Foley, Paul M. da Costa and Shelly L. Foley, on the briefs).

Sam Rosenberg argued the cause for respondents/cross-appellants Chalapathy Narisety, M.D., Jersey City Medical Center, RWJ Barnabas Health and Liberty Medical Associates (Rosenberg Jacobs Heller & Fleming, P.C. attorneys; Sam Rosenberg, of counsel; Wayne E. Paulter and Fred J. Hughes, on the briefs).

Michael R. Ricciardulli argued the cause for respondent/cross-appellant Melchor D. Romero, M.D. (Ruprecht Hart Ricciardulli & Sherman, LLP, attorneys; Michael R. Ricciardulli, of counsel and on the briefs; Brion D. McGlinn, on the briefs).

William J. Buckley argued the cause for respondent/cross-appellant Zarine Patel, M.D. (Schenck, Price, Smith & King, LLP, attorneys; William J. Buckley and Sandra Calvert Nathans, on the briefs).

A-4350-18T4

Jennifer Suh argued the cause for respondents/cross-appellants Jody M. Melendez, M.D. and Payam Torrei, M.D. (Weber Gallagher Simpson Stapleton Fires & Newby, LLP, attorneys, join in the briefs of cross-appellants; Jennifer Suh on the brief).

Alan J. Baratz argued the cause for respondent (Weiner Law Group LLP, attorneys; Alan J. Baratz, on the brief).

PER CURIAM

Plaintiff Ruth M. Sanchez appeals a series of orders that culminated in the dismissal of her medical-malpractice lawsuit with prejudice. Because those rulings deprived her of a fair and just adjudication of the merits of her claims, we reverse and reinstate plaintiff's complaint. Defendants argue that a judge erred in reconsidering and vacating his prior decisions granting defendants' statute-of-limitations-based summary-judgment motions. We reject that argument and affirm the court's reconsideration decisions.

On March 3, 2017, plaintiff filed a complaint, claiming that she had been injured by the misplacement of an inferior vena cava filter and by the failure of several doctors to detect that misplacement and the injury it caused.

In an April 23, 2018 case management order, the court set an October 30, 2018 discovery end date. The parties were to complete party depositions by May 30, 2018. They did not meet that deadline because of the unavailability of

3

A-4350-18T4

defendant Melchor D. Romero, M.D. Accordingly, plaintiff moved to extend discovery. In a July 6, 2018 order, the then presiding judge of the civil division granted the unopposed motion, ordering the parties to complete their depositions by October 31, 2018, requiring plaintiff to serve her expert reports by December 31, 2018, setting an April 30, 2019 discovery end date, and scheduling a trial to take place on June 10, 2019. She stated that "the dates herein are NOT subject to change . . . THERE SHALL BE NO FURTHER CASE MANAGEMENT OF THIS CASE," even though by her own order discovery would continue for another nine and a half months.

On the same day that the court issued its July 6, 2018 order, defendant Dr. Romero moved for summary judgment, arguing that the statute of limitations barred plaintiff's claims. All but one of the other active defendants also moved or cross-moved for summary judgment on the same grounds. The parties did not conduct any discovery after defendants filed their motions. Plaintiff opposed those motions. On September 21, 2018, a new presiding judge of the civil division granted defendants' summary-judgment motions. Those orders had the effect of dismissing with prejudice plaintiff's case as to all active defendants except one.

4

On December 24, 2018, the presiding judge granted plaintiff's motion for reconsideration, vacating his orders granting defendants' summary-judgment motions. He concluded that a genuine issue of fact as to plaintiff's knowledge about her injury and what plaintiff had been told about the filter and her injury precluded summary judgment. Defendants subsequently moved and cross-moved for reconsideration of the December 24, 2018 order. The presiding judge denied their motions in February 15, 2019 orders.

After the court issued the December 24, 2018 order, plaintiff's counsel requested a case management conference. The court denied that request and advised him to file a motion. With defendants' consent, plaintiff moved to extend discovery. Plaintiff included in her motion a request to extend interim discovery deadlines, including deadlines for completion of depositions and the submission of expert reports. Defendant Zarine F. Patel, M.D., filed a cross-motion to extend discovery, also seeking an extension of the interim deadlines.

On January 25, 2019, the presiding judge denied plaintiff's motion to extend discovery in its entirety. The judge rejected, without explanation, the argument that the September 21, 2018 summary-judgment decisions, the December 24, 2018 reconsideration order, and the three-month dismissal period between those decisions constituted extraordinary circumstances. He stated that

5

the "requested discovery that has not been completed can be completed within the discovery period," even though he had denied plaintiff's request to extend the interim discovery deadlines, including the December 31, 2018 deadline for plaintiff's submission of expert reports. The presiding judge also denied defendant Patel's cross-motion to extend discovery.

A week later, defendants Chalapathy Narisety, M.D., Jersey City Medical Center, RWJ Barnabas Health, and Liberty Medical Associates moved for summary judgment, based solely on plaintiff's failure to produce expert reports by the December 31, 2018 deadline and the presiding judge's refusal to extend that deadline. The other active defendants moved or cross-moved for summary judgment on the same basis. Plaintiff opposed those motions, cross-moved to extend discovery, and moved for reconsideration of the court's January 25, 2019 order. Plaintiff argued that by denying plaintiff's motion to extend discovery, the court had left in place the December 31, 2018 expert deadline, thereby imposing on plaintiff an impossible-to-meet requirement that she produce her expert reports seven days after the court had reinstated a case that had been dismissed with prejudice as to all but one defendant for over three months.

On March 15, 2019, the presiding judge denied plaintiff's cross-motion to extend discovery. In his opinion, he acknowledged plaintiff's argument that she

was not able to serve her expert reports timely by the December 31, 2018 deadline because the parties had not conducted discovery during the three-month dismissal period. He also noted that defendant Dr. Romero and a non-party treating physician had not appeared for deposition. Nevertheless, he faulted plaintiff for "not tak[ing] steps to file an expert report, even if it would be incomplete and would later be supplemented" and for not taking "additional steps to move forward the discovery," except to file the motion to extend discovery, which the court had denied. Relying on one prong of Vitti v. Brown, 359 N.J. Super. 40, 51 (Law Div. 2003), the presiding judge found that plaintiff had not met the extraordinary-circumstances standard for a discovery extension because she had not established that "the delaying factors were 'clearly beyond the control' of [her] attorney."

On March 15, 2019, the presiding judge also denied plaintiff's motion to reconsider the court's January 25, 2019 order denying plaintiff's motion to extend discovery. The presiding judge stated that the December 24, 2018 reconsideration order "[gave] the parties [four] months to have expert reports and expert witness depositions completed before the discovery end date expired," even though the court in the December 24, 2018 order had not extended the December 31, 2018 deadline for plaintiff's submission of expert

reports. He again faulted plaintiff, and not defendants, for failing to conduct discovery. He relied on the prior presiding judge's July 6, 2018 order and her statement that there would be no further case management of the case. Rejecting plaintiff's request to extend the interim deadlines, the presiding judge stated that the parties had until the April 30, 2019 discovery deadline to complete discovery and that the trial remained scheduled for June 10, 2019.

On March 15, 2019, without hearing oral argument, a different judge granted defendants' motions for summary judgment, dismissing plaintiff's complaint with prejudice. Plaintiff moved for reconsideration of those orders, faulting the court for not holding oral argument, for not setting forth its factual findings or legal reasons for granting the motions, and for granting summary judgment before the close of discovery. By the return date of plaintiff's motion, plaintiff had served expert reports regarding all but one active defendant.

On April 26, 2019, the court heard oral argument on plaintiff's motion for reconsideration. The judge conceded that he was "technically" required to hold oral argument, but indicated that he had not had oral argument based on his view that the summary-judgment motions depended on "what [the presiding judge] would decide regarding the [m]otion . . . to extend discovery . . . ." Because of the lack of oral argument, he granted the motion for reconsideration and allowed

A-4350-18T4

plaintiff's counsel to argue the summary-judgment motions. Even though plaintiff had served her expert reports regarding all but one defendant before the discovery end date, the judge again granted defendants' summary-judgment motions. Referencing "the constraints of [the presiding judge's] scheduling," he concluded that "I, as the [p]retrial [j]udge on a [m]otion like this, . . . cannot permit a late service of an expert [r]eport [twenty] days before the . . . discovery end date . . . . [n]ot if . . . the centrally controlled [j]udge is not going to allow me to do it." After expressly basing his decision on the presiding judge's repeated refusal to extend discovery, the motion judge indicated that if defendants agreed to accept plaintiff's expert reports and if the parties agreed to complete discovery before the June 10, 2019 trial date, "then I can play ball with you people." Not surprisingly, defendants were unwilling to agree to complete discovery before the trial, and the court issued orders again granting the summary-judgment motions and dismissing plaintiff's complaint with prejudice.[1] Plaintiff's appeal and defendants' cross-appeals followed.

---

[1] The court issued a separate order dismissing with prejudice the complaint as to defendant Jody M. Melendez, M.D., because plaintiff had not provided an expert report regarding Dr. Melendez. During oral argument on appeal, counsel for plaintiff and Dr. Melendez stated that they would submit a stipulation of dismissal as to Dr. Melendez. We accept that representation.

A-4350-18T4

We begin by addressing the court's orders denying the motions to extend discovery, the resulting summary-judgment orders, and the related reconsideration orders. We review discovery orders under the abuse-of-discretion standard, meaning that we generally "defer to a trial court's disposition of discovery matters unless the court has abused its discretion or its determination is based on a mistaken understanding of the applicable law." Rivers v. LSC P'ship, 378 N.J. Super. 68, 80 (App. Div. 2005); see also Capital Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79-80 (2017). Our review of a reconsideration order is similarly limited. State v. Puryear, 441 N.J. Super. 280, 294 (App. Div. 2015); see also Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996).

We review a trial court's grant of summary judgment "de novo under the same standard as the trial court." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016). We apply the standards of Brill v. Guardian Life Insurance Co. of America, 142 N.J. 520, 540 (1995), and Rule 4:46-2. The question is whether the evidence, when viewed in a light most favorable to the non-moving party, raises genuinely disputed issues of fact sufficient to warrant resolution by the trier of fact, or whether the evidence is so one-sided that one party must prevail as a matter of law. Brill, 142 N.J. at 540.

A-4350-18T4

Because the court had set a trial date, plaintiff had to demonstrate exceptional circumstances to merit an extension of discovery. See R. 4:24-1(c). To demonstrate exceptional circumstances, she had to show:

> (1) why discovery has not been completed within time and counsel's diligence in pursuing discovery during that time; (2) the additional discovery or disclosure sought is essential; (3) an explanation for counsel's failure to request an extension of the time for discovery within the original time period; and (4) the circumstances presented were clearly beyond the control of the attorney and litigant seeking the extension of time.
> [Rivers, 378 N.J. Super. at 79.]

See also Castello v. Wohler, 446 N.J. Super 1, 25 (App. Div. 2016).

In his January 25, 2019 order denying plaintiff's motion to extend discovery, the presiding judge did not address the Rivers factors, did not provide the analysis required by Rule 4:24-1(c), and seems to have overlooked the fact that he had reinstated the case after having granted summary judgment to all but one of the defendants three months before. He failed to recognize the negative impact that the three-month dismissal period had on plaintiff's ability to serve expert reports by December 31, 2018, only seven days after his reconsideration order. He denied plaintiff's unopposed request to move the interim deadlines, leaving in place the already-passed December 31, 2018 deadline for plaintiff's expert reports. But then he said that the outstanding discovery could be

11

completed within the existing discovery period. With no court order requiring them to conduct the remaining depositions or to accept plaintiff's expert reports, defendants did not voluntarily complete discovery. Instead, like sharks smelling blood in the water,[2] they quickly filed their motions for summary judgment predicated entirely on plaintiff's failure to comply with the December 31, 2018 expert report deadline and on the court's refusal to move that deadline.

In his March 15, 2019 opinion denying plaintiff's cross-motion to extend discovery, the presiding judge referenced only the fourth <u>Rivers</u> prong; did not address the impact the three-month dismissal period had on the case; faulted plaintiff, and not defendants, for the parties' failure to conduct discovery since he reinstated the case; and failed to recognize the reality that without a court order requiring them to complete depositions and expert discovery, defendants would have no incentive to do so. Instead, he focused on the months that followed the court's December 24, 2018 order and faulted plaintiff for not moving forward discovery, even though plaintiff had moved to extend discovery, a motion the court denied. With that mistaken focus, the presiding judge failed to appreciate the practical effect of the court's decisions: no

---

[2] We intend no disrespect to counsel with this simile. We understand that they were acting in the interest of their clients based on the deadlines left in place by the court.

discovery would take place after the grant of summary judgment, plaintiff could not complete depositions and produce expert reports in the seven days between the December 24, 2018 reconsideration order and the December 31, 2018 expert deadline, and defendants would not conduct discovery without an order extending discovery. The presiding judge apparently expected plaintiff, even though defendants' depositions had not been completed, to go ahead and issue her expert reports, ignoring the fact no court order permitted her to do so.

In his March 15, 2019 order denying plaintiff's motion for reconsideration of his January 25, 2019 order, the presiding judge again faulted only plaintiff for not completing discovery, failing again to recognize defendants' role in the parties' failure to complete discovery. He inaccurately stated that his December 24, 2018 reconsideration order "[gave] the parties [four] months to have expert reports and expert witness depositions completed before the discovery end date expired." In fact, in his December 24, 2018 order, the presiding judge did not mention the pending discovery deadlines and did not move the looming December 31, 2018 deadline for plaintiff's expert reports, an omission that was magnified when the court declined to conduct a case management conference and denied plaintiff's motion to extend discovery.

The presiding judge's repeated refusal to extend discovery had draconian consequences. Feeling bound by his presiding judge's orders, the motion judge granted defendants' summary-judgment motions and dismissed plaintiff's complaint with prejudice – the ultimate sanction. He did so without citing any law, without making any factual findings, and without giving any consideration to plaintiff's expert reports or whether they created a genuine issue of material fact. He effectively barred plaintiff's expert reports. Cf. Tucci v. Tropicana, 364 N.J. Super. 48, 52 (App. Div. 2003) (noting courts' reluctance to bar late expert reports that are critical to a claim submitted by counsel not guilty of misconduct). He based his decision on plaintiff's failure to produce expert reports by the December 31, 2018 deadline and the orders denying the requests to extend that deadline. By relying solely on his presiding judge's decisions not to extend discovery, the motion judge did not satisfy his obligations under Rule 1:7-4 or 4:46-2(c).

We hold that the presiding judge and motion judge abused their discretion with these rulings. The effect of their rulings deprived plaintiff of a fair and just

14

adjudication of her case on the merits. Accordingly, we reverse those orders and remand the case.[3]

Plaintiff was entitled to an extension of discovery. She met each of the four Rivers prongs establishing exceptional circumstances. Discovery had not been completed because the case had been dismissed with prejudice nearly in its entirety for over three months; the additional discovery, including completion of fact and party witness depositions and expert discovery, was essential; plaintiff filed her motion to extend discovery within the discovery period; and the circumstances presented – the three-month dismissal period – were beyond the control of plaintiff and her attorney.

Instead of denying the discovery-extension motions, thereby leaving in place deadlines that already had passed and could not be met and paving the way for defendants' summary-judgment motions, the court had other options. See

---

[3] Defendant John V. Cholankeril, M.D., asks that we separately affirm the court's decisions as to him because he did not move for summary judgment in the summer of 2018 and the case as to him was not dismissed in the September 21, 2018 orders. He asserts that plaintiff could have continued discovery as to him during the three-month dismissal period. We are persuaded by plaintiff's arguments regarding the practical impediments to continuing a largely dismissed case, especially when the outstanding discovery involved a dismissed party, and note that Dr. Cholankeril did not oppose plaintiff's January 9, 2019 motion to extend discovery. Accordingly, we are not inclined to treat him differently than the other defendants.

Castello, 446 N.J. Super. at 26 (recognizing strong preference that courts use lesser sanctions instead of the ultimate sanction of dismissal with prejudice).

Defendants argue that plaintiff could have and should have served expert reports long before the court-ordered deadline of December 31, 2018. To adopt defendants' argument that plaintiff's case remain dismissed with prejudice because plaintiff did not serve her expert reports months before she was required to serve them, we would have to be willing to impose retroactively on plaintiff an earlier deadline never actually set by the trial court. That we are not willing to do.

We are sensitive to the trial court's desire and obligation to move cases expeditiously. See R. 1:33-6(b) ("the Presiding Judge of each functional unit within the vicinage shall be responsible for the expeditious processing to disposition of all matters filed within that unit"); see also Castello, 446 N.J. Super. at 25. The Rules of Court are designed to achieve, among other goals, trial-date certainty. Leitner v. Toms River Reg'l Schs., 392 N.J. Super. 80, 91 (App. Div. 2007). But justice and fairness never should be the price paid for achieving that goal. Our system of justice favors the fair disposition of cases on their merits. See Viviano v. CBS, Inc., 101 N.J. 538, 547 (1986). The desire

for expedience should never supplant the interests of justice.  See State v. Cullen, 428 N.J. Super. 107, 113 (App. Div. 2012).

We now turn to defendant's appeal of the court's reconsideration order vacating defendants' statute-of-limitations-based summary judgments and the orders denying reconsideration of that order.

A medical-negligence cause of action "generally accrues on the date that the alleged negligent act or omission occurred." Baird v. Am. Med. Optics, 155 N.J. 54, 65 (1998).  The discovery rule may apply to delay accrual until "the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim." Lopez v. Swyer, 62 N.J. 267, 272 (1973).  Thus, the discovery rule can prevent the statute of limitations from running "when injured parties reasonably are unaware that they have been injured, or, although aware of an injury, do not know that the injury is attributable to the fault of another." Baird, 155 N.J. at 66.  "Critical to the running of the statute is the injured party's awareness of the injury and the fault of another." Ibid.  See also Caravaggio v. D'Agostini, 166 N.J. 237, 246 (2001) (focusing on "whether the facts presented would alert a reasonable person, exercising ordinary diligence, that he or she was injured due to the fault of another").

Generally, statute-of-limitations issues "will not be resolved on affidavits or depositions since demeanor may be an important factor where credibility is significant."  Lopez, 62 N.J. at 275.  Unless credibility determinations are not involved, a trial court should conduct an evidentiary hearing outside the presence of the jury.  Ibid.; see also The Palisades at Fort Lee Condo. Ass'n, Inc. v. 100 Old Palisade, LLC, 230 N.J. 427, 452 (2017) (remanding case to trial court to conduct a Lopez hearing to examine evidence presented and "in its discretion, take testimony from relevant witnesses").

Defendants based their statute-of-limitations arguments on the testimony of defendant Dr. Narisety and unsworn statements of a non-party treating physician.  Plaintiff testified that she was not told about the filter misplacement until 2015 and was not told that her medical complaints and pain were caused by the filter misplacement.  In initially granting the summary-judgment motions based on his factual conclusion that defendant Dr. Narisety had told plaintiff about the filter misplacement, the presiding judge failed to view the competent evidence "in the light most favorable to the non-moving party,"  Brill, 142 N.J. at 540.  He also did not address whether plaintiff knew or should have known that her injuries were caused by the misplaced filter or that defendants were at fault in causing her injuries.  And, in choosing to believe the doctors' statements

and not plaintiff's, he made significant credibility determinations without conducting a <u>Lopez</u> hearing. In vacating his summary-judgment decisions, the presiding judge correctly recognized that summary judgment was not appropriate when disputed issues of fact existed and could not be granted based on the record before him. Accordingly, we affirm that decision and the denial of defendants' motions for reconsideration.

In sum, we reverse the January 25, 2019 and March 15, 2019 orders denying plaintiff's motion and cross-motion to extend discovery and motion for reconsideration and the March 15, 2019 and April 26, 2019 orders granting defendants' summary-judgment motions. We affirm the December 24, 2018 order granting plaintiff's motion for reconsideration and the February 15, 2019 orders denying defendants' motions and cross-motion for reconsideration. We remand the case to the trial court to complete discovery and resume litigation. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4350-18T4